FILED

2026 OCT 15 PM 1:36

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ______

Reuven L. Cohen (Bar No. 231915)
Email: rcohen@cohen-williams.com
Michael V. Schafler (Bar No. 212164)
Email: mschafler@cohen-williams.com
Joseph (Yusuf) Saei (Bar No. 321341)
Email: ysaei@cohen-williams.com
COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Telephone: (213) 232-5160
Facsimile: (213) 232-5167

Attorneys for Defendant NATHAN YOUNG

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

NATHAN YOUNG and DAVID YOUNG,

Defendants.

Case No. 2:26-mj-05996-DUTY

**DEFENDANT NATHAN YOUNG'S NOTICE OF MOTION AND MOTION FOR RELEASE DUE TO FOURTH AMENDMENT AND RULE FIVE VIOLATIONS AND FOR EVIDENTIARY HEARINGS AND HEARING RE DISMISSAL**

*Filed concurrently with Defendant Nathan Young's Initial Memorandum in Support of Pretrial Release and Declaration of Reuven L. Cohen*

COHEN WILLIAMS LLP

**TO PLAINTIFF UNITED STATES OF AMERICA AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 15, 2026, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of United States Magistrate Judge Steve Kim, located at the Edward R. Roybal Federal Building and United States Courthouse, Los Angeles Courtroom 540, 5th Floor, Defendant Nathan Young ("Nathan") will and hereby does move this Court, on an emergency basis, for an order:

1. Ordering the immediate release of David Young and Nathan Young, whose arrests and continued detention are unlawful because they were accomplished through a search warrant used for an undisclosed arrest purpose, through apparent arrest authority the government did not possess, and in violation of the prompt-presentment command of Federal Rule of Criminal Procedure 5(a);
2. Setting two evidentiary hearings, as described in the attached Memorandum, concerning (a) what the government represented to United States Magistrate Judge Patricia Donahue on October 12, 2026, that it intended to do with the search warrant, as against what it actually did; and (b) why the government failed to bring the Youngs before the duty magistrate following their arrests, such that their first appearance occurred two days—and more than forty-eight hours—after they were taken into custody; and
3. Setting a hearing regarding dismissal after the evidentiary hearings proposed above.

//

//

//

//

//

//

//



COHEN WILLIAMS LLP

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Reuven L. Cohen and exhibits filed concurrently herewith, all of the pleadings, files, and records in this proceeding, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Dated: October 15, 2026

Respectfully submitted,
**COHEN WILLIAMS LLP**

By: ______________________
Reuven L. Cohen
Michael V. Schafler
Joseph (Yusuf) Saei
Attorneys for Defendant NATHAN YOUNG

COHEN WILLIAMS LLP

COHEN WILLIAMS LLP

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. STATEMENT OF FACTS .......... 3

A. For Nearly a Year, the Youngs Sought to Resolve the Matter Through Ordinary Process. .......... 3

B. The Government Obtained a Search-Only Warrant at 11:25 p.m. on October 12, 2026. .......... 3

C. The Government Arrested David Young and Induced Nathan Young's Surrender. .......... 3

D. The Government Took Both Men to MDC, Not to Court, and Held Them Without a Charging Document. .......... 4

E. The Complaint Was Filed on October 14—More Than 24 Hours After the Arrests—and the Government Still Failed to Calendar an Appearance. .......... 5

III. LEGAL STANDARDS .......... 5

A. A Warrant Must Issue from a Magistrate Informed of Its True Purpose, and Mustn't Be Used to Accomplish an Undisclosed Object. .......... 5

B. The Government May Not Deceive a Person About Warrant Authority to Draw Him from His Home. .......... 6

C. Rule 5 Requires Presentment "Without Unnecessary Delay." .......... 7

D. Prosecutors Owe Heightened Duties of Candor to the Court and Opposing Counsel. .......... 7

E. The Court May Dismiss for Outrageous Government Misconduct Under Its Supervisory Power. .......... 8

IV. ARGUMENT .......... 8

A. The Government Bootstrapped a Search Only Warrant into Two Arrests It Declined to Ask Any Judge to Authorize. .......... 8

B. The Government Lured Nathan Under False Color of Arrest Authority and Seized Him in His Home without a Warrant. .......... 9

C. The Government Violated Rule 5 By Holding Both Men at MDC Rather Than Presenting Them. ........ 10

D. Prosecutor's Deception of Defense Counsel Breached Duties of Candor.... 11

V. DEFENDANTS REQUEST TWO EVIDENTIARY HEARINGS ........ 12

VI. CONCLUSION........ 13

COHEN WILLIAMS LLP

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bumper v. N.C.*, 391 U.S. 543 (1968) .......... 6, 7, 10

*Chatrie v. United States*, 146 S. Ct. 2193 (2026) .......... 5

*Cnty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991) .......... 10, 11

*Hopkins v. Bonvicino*, 573 F.3d 752 (9th Cir. 2009) .......... 9

*Kidd v. Mayorkas*, 734 F. Supp. 3d 967 (C.D. Cal. 2024) .......... 6

*Lange v. Cal.*, 594 U.S. 295 (2021) .......... 6

*Payton v. N.Y.*, 445 U.S. 573 (1980) .......... 9

*Pernell v. City of L.A.*, 650 F. Supp. 3d 910 (C.D. Cal. 2022) .......... 6

*United States v. Bundy*, 968 F.3d 1019 (9th Cir. 2020) .......... 8

*United States v. Chapman*, 524 F.3d 1073 (9th Cir. 2008) .......... 12

*United States v. Dominguez-Caicedo*, 40 F.4th 938 (9th Cir. 2022) .......... 7, 11

*United States v. Ewain*, 88 F.3d 689 (9th Cir. 1996) .......... 6

*United States v. Gooch*, 780 F.Supp. 725 (E.D. Wash. 1991) .......... 9

*United States v. Johnson*, 626 F.2d 753 (9th Cir. 1980) .......... 10



COHEN WILLIAMS LLP

*United States v. Kojayan*, 8 F.3d 1315 (9th Cir. 1993) .................... 7

*United States v. Lopez*, 4 F.3d 1455 (9th Cir. 1993) .................... 12

*United States v. Lundin*, 817 F.3d 1151 (9th Cir. 2016) .................... 6

*United States v. Ramirez*, 976 F.3d 946 (9th Cir. 2020) .................... 6

*United States v. Rettig*, 589 F.2d 418 (9th Cir. 1978) .................... 6, 9

*United States v. Tzunux-Ruiz*, 2010 WL 5691507 (D. Ariz. Dec. 10, 2010) .................... 11

*United States v. Valenzuela-Espinoza*, 697 F.3d 742 (9th Cir. 2012) .................... 7, 10

*Whalen v. McMullen*, 907 F.3d 1139 (9th Cir. 2018) .................... 6, 10

**Statutes**

18 U.S.C. § 1347 .................... 5

**Other Authorities**

Cal. R. Prof. Conduct 4.1 .................... 7, 11

Cal R. Prof. Conduct 8.4 .................... 7, 11

Fed. R. Crim. P. 5 .................... *passim*

U.S. Const. amend. IV .................... 2, 6, 11

COHEN WILLIAMS LLP

COHEN WILLIAMS LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The government sought no arrest warrant for Nathan Young ("Nathan") or David Young ("David," collectively with Nathan, "the Youngs") before it seized them or induced their surrender inside their homes. It could have. For nearly a year, and through counsel, the Youngs asked the government to proceed in an orderly way, offering to surrender their passports, discuss bond, accept service, visit their businesses, and appear when asked. Instead, late on the night of October 12, 2026—at 11:25 p.m.—the government obtained from United States Magistrate Judge Patricia Donahue a warrant to *search* a house at 1158 Daniels Drive. It asked only to search. It did not ask to arrest.

Yet an arrest is exactly what the government intended, and accomplished. The next morning, on October 13, 2026, at 6:00 a.m., more than a dozen agents pounded on the door of David's home, 1158 Daniels Drive, screaming repeatedly, "DAVID YOUNG, POLICE WITH A WARRANT, COME TO THE DOOR." The officers sought David, not merely entry, stating, "WE HAVE A WARRANT, *IS HE IN THE HOME?*" Agents proceeded to raid the home, taking 71-year-old David into custody. Within the hour, the government induced Nathan Young's surrender by representing to his counsel, in response to a direct question about whether the government "need[ed]" him to surrender, that agents were "waiting for him" in the lobby of his apartment building—implying that there was an arrest authority to which he must submit. There was none.

Having taken both men into custody with no arrest warrant and no charging document, and despite the early hour, the government prevented them from appearing at the courthouse. Instead, the government routed the Youngs a few blocks away to the Metropolitan Detention Center. And it left them there. When counsel asked, repeatedly and throughout the day, why the Youngs were not being brought to court so they could be arraigned, the government's answer was that a charging document would issue "sometime tomorrow" and cited a 48-hour rule for probable cause, but never acknowledged the distinct command in Rule 5 to promptly present an arrestee to the

magistrate. Over that day and the next day (October 14, 2026), while the Youngs sat incommunicado and arrested on a search warrant without charges, the government furiously drafted a charging document and arrest warrant on complaint to justify what it had done.

The complaint was not available to defense counsel until it was filed the afternoon of October 14, 2026—approximately 32 hours after the sequence of raid and arrests began. Even on its second opportunity, the government did not process or calendar the Youngs for an initial appearance; instead, it emailed counsel to ask them to stipulate to a sealed bond brief. It eventually presented defense counsel with two tardy Warrants for Arrest Upon Complaint, dated October 14, 2026, and signed by Magistrate Judge Donahue, the day after the arrests. (Declaration of Reuven L. Cohen ("Cohen Decl."), Exs. F, G.) But the belatedly obtained complaint and warrants do not cure unlawful seizures, misleading statements resulting in surrender, and ongoing presentment delays, with an apparent object to decide on charges *after* effectuating the seizures.

The result was two illegal arrests, procured through a search warrant used for a purpose never disclosed to the issuing magistrate judge and through a misrepresentation to defense counsel, followed by a detention that flouted Rule 5's command of presentment "without unnecessary delay." The Fourth Amendment forbids using a search warrant as an instrument to accomplish what the government deliberately declined to ask a federal judge to authorize. The Constitution also forbids drawing a person out of his home under the false color of a warrant. Rule 5 forbids holding an arrestee incommunicado while the government decides whether and what to charge. And the Rules of Professional Conduct forbid a prosecutor from deceiving opposing counsel.

Defendants respectfully ask the Court to set a hearing regarding dismissal and to order the Youngs' immediate release. The conduct described here cannot be evaluated on the government's say-so. Defendants also respectfully request two evidentiary hearings to develop the factual record: one on what the government told Magistrate Judge




COHEN WILLIAMS LLP

Donahue it intended to do, and one on why the Youngs were not promptly presented to a duty magistrate judge, as Rule 5 commands.

## II. STATEMENT OF FACTS

### A. For Nearly a Year, the Youngs Sought to Resolve the Matter Through Ordinary Process.

The Youngs have known of a federal investigation into them since November 2025. Beginning in June 2026, the Youngs' counsel repeatedly asked the government to engage: to discuss the status of the investigation, "whether the government would like our client's cooperation," and whether the government wished to have "complete, unfettered access to [the] client's facilities." (Cohen Decl., Ex. A at 1.) The government responded that it was "not in a position to share any information." (*Id.*) On July 22, 2026, undersigned counsel wrote formally, offering to accept service of subpoenas and to facilitate walkthroughs of facilities. (Cohen Decl., Ex. D.) At no point did the government ask either man to surrender on a warrant, because it had sought none.

### B. The Government Obtained a Search-Only Warrant at 11:25 p.m. on October 12, 2026.

In the evening of October 12, 2026, the government applied to Magistrate Judge Patricia Donahue for a search and seizure warrant for a residence at 1158 Daniels Drive, Los Angeles. (Cohen Decl., Ex. E at 3 ("Search Warrant").) Judge Donahue issued the Search Warrant at 11:25 p.m. (*Id.* at 1.) The Search Warrant is on form AO 93. (*Id.*) It authorizes a search for documentary and digital evidence of health care fraud and related offenses. (*Id.* at 5.) It is not an arrest warrant, and the government did not seek one at that time. (*Id.* at 1.)

### C. The Government Arrested David Young and Induced Nathan Young's Surrender.

At 6:00 a.m. more than a dozen agents pounded on the door of a family home, at a different address, ***2 Daniels Drive, screaming repeatedly, "DAVID YOUNG, POLICE WITH A WARRANT, COME TO THE DOOR." (Cohen Decl., ¶ 10.) The



COHEN WILLIAMS LLP

officers sought David explicitly, stating, "WE HAVE A WARRANT, IS HE IN THE HOME?" (*Id.*) The government then raided the home and seized David. (Cohen Decl., Ex. B at 5.)

That morning, counsel asked the government whether it "need[ed]" Nathan "to self surrender." (*Id.* at 6.) At 7:48 a.m., Department of Justice Trial Attorney Siobhan Namazi replied: "If your client Nathan Young wishes to self-surrender, please tell him to come down to the lobby of his apartment complex. Our agents are waiting for him there." (*Id.* at 5-6.) At 7:53 a.m., counsel confirmed that Nathan was "heading down to the lobby now" (*id.* at 5), and he surrendered without incident. This exchange conveyed — in a context in which the government had just raided the father's home and taken him into custody — that there existed an arrest authority to which Nathan was obliged to submit. There was no arrest warrant.

### D. The Government Took Both Men to MDC, Not to Court, and Held Them Without a Charging Document.

Federal agents did not bring either defendant to the Federal Building for a same-day initial appearance. They took both men to the Metropolitan Detention Center ("MDC"). At 9:58 a.m., defense counsel reported that the Youngs were "not in the federal building." (*Id.* at 5.) At 11:09 a.m., the government confirmed that "both Nathan and David Young are at MDC." (*Id.* at 4.) Counsel immediately objected: "Why are they at MDC? They need to be here so that we can get them on calendar." (*Id.*) Counsel explained that David Young "was instructed that he'd be brought to court today – like every single arrest." (*Id.* at 3.)

Throughout the afternoon of October 13, there was still no charging document. Counsel asked, "Is there no charging document now? . . . Why weren't our clients brought to court today?" (*Id.* at 2.) At 4:16 p.m., the government responded only that counsel could "expect to receive the charging document sometime tomorrow," and that the government "anticipate[d]" that the Youngs "will be arraigned then." (*Id.*) Both men



COHEN WILLIAMS LLP

spent the night in custody—including a 71-year-old David who, the government noted, did not have his medications with him. (*Id.* at 4.)

### E. The Complaint Was Filed on October 14—More Than 24 Hours After the Arrests—and the Government Still Failed to Calendar an Appearance.

The Criminal Complaint was filed on October 14, 2026. It charges the Youngs with a single count of health care fraud under 18 U.S.C. § 1347, alleging an offense "on or about . . . June 12, 2023," in connection with conduct that the complaint elsewhere describes as spanning 2020 to 2026. (Compl. at 1.) The Complaint was attested to Judge Donahue by telephone. (*Id.* at 1.) Counsel did not receive the charging document until the afternoon of October 14, when government counsel transmitted it by email at 12:30 p.m. (Ex. H at 3.)

Even after the Complaint issued, the government did not promptly process or calendar the Youngs for a first appearance. (*Id.* at 3-4.) Instead, the government has represented that it has forty-eight hours to establish probable cause, and it later emailed counsel to request a stipulation to file a bond brief under seal—rather than directing its efforts to presenting the Youngs to the Court. (Ex. B at 1.)

## III. LEGAL STANDARDS

### A. A Warrant Must Issue from a Magistrate Informed of Its True Purpose, and Mustn't Be Used to Accomplish an Undisclosed Object.

The Fourth Amendment's reasonableness requirement generally requires a warrant from "a neutral and detached magistrate," subjecting the government's judgment to the "deliberate, impartial judgment of a judicial officer," who may issue a warrant only when "probable cause is properly established and the scope of the authorized search is set out with particularity." *Chatrie v. United States*, 146 S. Ct. 2193, 2215 (2026) (cleaned up). The magistrate's role is a genuine, independent check—not a formality the government can satisfy while withholding what it is actually doing. The government cannot obtain a warrant for one stated purpose and use it to accomplish another it never disclosed. *See*





COHEN WILLIAMS LLP

*United States v. Rettig*, 589 F.2d 418, 422 (9th Cir. 1978); *United States v. Ewain*, 88 F.3d 689, 693 (9th Cir. 1996) (reaffirming core principle in *Rettig*, that a properly limited warrant cannot be a mere "pretext for a general search, or for a search outside the scope of the warrant").

**B. The Government May Not Deceive a Person About Warrant Authority to Draw Him from His Home.**

The Fourth Amendment considers the home and the sanctity of a person's living space the "first among equals" and "draw[s] a firm line at the entrance to the house." *Lange v. Cal.*, 594 U.S. 295, 303 (2021) (cleaned up). The Ninth Circuit applies that rule to arrests engineered at the threshold of the home. Approaching a home—even to knock—"with the intent to arrest the occupant" falls outside the knock-and-talk exception and violates the Fourth Amendment. *United States v. Lundin*, 817 F.3d 1151, 1160 (9th Cir. 2016). Courts in this district condemn as unlawful "knock and arrests," the practice of calling a suspect outside in order to seize him. *Kidd v. Mayorkas*, 734 F. Supp. 3d 967, 982 (C.D. Cal. 2024). "[P]olice may no more effect a warrantless arrest by coercing a suspect to exit his home through a show of force than they may physically enter the home to do the same." *Pernell v. City of L.A.*, 650 F. Supp. 3d 910, 921 (C.D. Cal. 2022). A ruse to lure a suspect is unlawful if "the government makes its identity as law enforcement known to the target of the ruse and exploits the target's trust and cooperation to conduct searches or seizures beyond that which is authorized by the warrant or other legal authority[.]" *United States v. Ramirez*, 976 F.3d 946, 953 (9th Cir. 2020). People "should be able to rely on the representations of government officials." *Id.* at 954 (cleaned up). Thus, where a known government agent provides misinformation, resulting cooperation "cannot be justified by consent." *Whalen v. McMullen*, 907 F.3d 1139, 1147 (9th Cir. 2018). Similarly, consent or surrender obtained through a claim of warrant authority is not voluntary. *Bumper v. N.C.*, 391 U.S. 543, 547-48 (1968) ("[T]here can be no consent under such circumstances" and prosecutor bears burden to establish consent was "freely and voluntarily given" "in fact."). A search



COHEN WILLIAMS LLP

cannot be legal if it turns out there was never in fact "any warrant at all." *Id.* at 549-50. The through-line is clear: if the government uses false assertions of authority or purpose to induce a person to leave the protection of home, the resulting seizure is neither consensual nor lawful.

**C. Rule 5 Requires Presentment "Without Unnecessary Delay."**

Rule 5(a)(1)(A) of the Federal Rules of Criminal Procedure provides in relevant part that "[a] person making an arrest . . . must take the defendant without unnecessary delay before a magistrate judge . . . unless a statute provides otherwise." Presentment is meant "to prevent secret detention" and to inform the accused of the charges. *United States v. Dominguez-Caicedo*, 40 F.4th 938, 950 (9th Cir. 2022). A court has the power to dismiss an indictment for egregious violations of Rule 5 where no other relief is available. *Id.* at 951. In assessing "unnecessary delay," the court borrows the Fourth Amendment's examples of impermissible delay: "delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake." *Id.* at 952. A "local paperwork policy," for instance, cannot manufacture a "reasonable" delay. *United States v. Valenzuela-Espinoza*, 697 F.3d 742, 751 (9th Cir. 2012). A delay of 27 hours for an arrestee ten miles from the courthouse with personnel available is "without question, unreasonable and unnecessary." *Id.* at 750-51.

**D. Prosecutors Owe Heightened Duties of Candor to the Court and Opposing Counsel.**

"Prosecutors are subject to constraints and responsibilities that don't apply to other lawyers." *United States v. Kojayan*, 8 F.3d 1315, 1323 (9th Cir. 1993). The California Rules of Professional Conduct prohibit a lawyer from "knowingly . . . mak[ing] a false statement of material fact or law to a third person[.]" Cal. R. Prof. Conduct 4.1(a). Likewise, attorneys may not engage in reckless misrepresentation or conduct "prejudicial to the administration of justice." Cal R. Prof. Conduct 8.4(c)-(d).



COHEN WILLIAMS LLP

### E. The Court May Dismiss for Outrageous Government Misconduct Under Its Supervisory Power.

A court may dismiss under its supervisory powers "to implement a remedy for the violation of a recognized" right, "to preserve judicial integrity[,]" and "to deter future illegal conduct." *United States v. Bundy*, 968 F.3d 1019, 1030 (9th Cir. 2020). Supervisory dismissal with prejudice requires "(1) flagrant misbehavior and (2) substantial prejudice[,]" together with a conclusion that "no lesser remedial action is available." *Id.* at 1031 (cleaned up). Intent is not required, reckless disregard for constitutional obligations suffices. *Id.* at 1038. The defense acknowledges the burden on this score is high, and requests two evidentiary hearings to ascertain additional factual background and the appropriate remedy.

## IV. ARGUMENT

### A. The Government Bootstrapped a Search Only Warrant into Two Arrests It Declined to Ask Any Judge to Authorize.

The decisive fact is what the government asked Judge Donahue for on October 12, 2026, and what it did not. It asked to *search* 1158 Daniels Drive. (Cohen Decl., Ex. E at 3.) It did not ask to *arrest* anyone. (*Id.*) At the time of the arrests there was no arrest warrant for either defendant, and the government had sought none — notwithstanding that counsel had for months invited exactly the orderly surrender an arrest warrant would have formalized. (Cohen Decl., Ex. D.) Yet within hours of the warrant's issuance, the government had seized both men. (Cohen Decl., Ex. B at 4-6.) The only arrest warrants in this record issued on October 14, 2026—the day after the seizures—on the newly filed complaint. (Compl. at 1.) Those belated warrants confirm, rather than cure, the violation: a warrant obtained the day after a warrantless arrest cannot supply the authority that was missing when the seizure occurred, and the government's own warrants commanded that each defendant be brought "forthwith to the nearest Magistrate Judge"—precisely what did not happen. (Cohen Decl., Exs. F, G.)





COHEN WILLIAMS LLP

In *Rettig*, the Ninth Circuit confronted agents who, after a federal magistrate declined to issue a warrant, obtained a narrower warrant and then used it "as an instrument for conducting the search for which permission had been denied," conducting a search "for purposes and objects not disclosed to the magistrate." *Rettig*, 589 F.2d at 421. "By failing to advise the judge of all the material facts, including the purpose of the search and its intended scope, the officers deprive[]d him of the opportunity to exercise meaningful supervision over their conduct and to define the proper limits of the warrant." *Id.* at 422. *Rettig*'s principles apply with full force here, where Magistrate Judge Donahue was deprived of the same opportunity on the evening of October 12, 2026. Had the government disclosed its purpose of arresting the Youngs, the magistrate may have inquired why no arrest warrant was sought, whether probable cause existed, and if the seizure was lawful.

David was arrested inside his home, at dawn, by a raiding party of more than a dozen agents, with no arrest warrant and no suggestion of exigency. But a warrantless, nonconsensual in-home arrest is presumptively unreasonable absent exigent circumstances. *United States v. Gooch*, 780 F.Supp. 725, 728 (E.D. Wash. 1991) (citing *Payton v. N.Y.*, 445 U.S. 573, 586 (1980).);*Hopkins v. Bonvicino*, 573 F.3d 752, 773 (9th Cir. 2009). A home arrest requires not only probable cause but also "an arrest warrant, the suspect's consent to enter the residence, or exigent circumstances." *Gooch*, 780 F.Supp. at 729. The government has not established any of these, and David's arrest plainly exceeded the scope of the Search Warrant.

**B. The Government Lured Nathan Under False Color of Arrest Authority and Seized Him in His Home without a Warrant.**

Nathan Young's surrender was procured by deception. His counsel, after learning of David's arrest, asked the government whether the government "need[ed]" Nathan "to self surrender." (Cohen Decl., Ex. B at 6.) The government answered that agents were "waiting for him" in his lobby. (*Id.*) In this context, the answer communicated that there was an arrest authority to which Nathan had to submit. But there was none. A surrender





COHEN WILLIAMS LLP

induced by the assertion (or implication) of warrant authority is not voluntary: acquiescence "to a claim of lawful authority" is "instinct with coercion," and the result can be no different when the State fails to show that there was, in fact, any warrant at all. *Bumper*, 391 U.S. at 548-50. "[W]here a known government agent misrepresents his purpose[,]" the resulting cooperation "cannot be justified by consent." *McMullen*, 907 F.3d at 1147. It is the "location of the arrested person, and not the arresting agents, that determines whether an arrest occurs within a home," *United States v. Johnson*, 626 F.2d 753, 757 (9th Cir. 1980), *aff'd*, 457 U.S. 537 (1982), and inducing Nathan to descend to the lobby of his building under color of a nonexistent warrant is the functional equivalent: a warrantless seizure effectuated by circumventing the warrant requirement.

### C. The Government Violated Rule 5 By Holding Both Men at MDC Rather Than Presenting Them.

Rule 5 required the government to bring the Youngs before a magistrate judge "without unnecessary delay." Fed. R. Crim. P. 5(a)(1)(A). Because they were arrested without an arrest warrant, Rule 5(b) separately required that a complaint "be promptly filed." Fed. R. Crim P. 5(b). The government did neither. It routed both men to MDC, rather than to the courthouse a short distance away, and held them overnight with no charging document in existence. The Complaint was not filed until the afternoon of October 14, 2026, roughly two days after the arrests, and even then, the government failed to obtain an initial appearance. The narrow categories of permissible reasonable delay do not apply. *Valenzuela-Espinoza*, 697 F.3d at 751-53. The government cannot claim it needed the time to determine whether the suspects should be criminally charged, because it had already seized both men, a seizure that itself requires probable cause. What remains is delay for the government's own convenience and preference to arrest first and charge later.

The government's reported reliance on a forty-eight hour window misapprehends the law. (Cohen Decl., Ex. B at 1 (government relying on *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991)).) The forty-eight hours in *McLaughlin* fixes the outer





COHEN WILLIAMS LLP

bound for the *Fourth Amendment* probable-cause determination following a warrantless arrest; it is not a license to defer Rule 5 presentment, which must occur "without unnecessary delay . . . unless a *statute* provides otherwise." Fed. R. Crim. P. 5 (emphasis added). "A probable cause finding is distinct from the prompt presentment requirements for a defendant's initial appearance before a judicial officer." *United States v. Tzunux-Ruiz*, 2010 WL 5691507 at *5, n. 5 (D. Ariz. Dec. 10, 2010). *McLaughlin* itself says the same thing from the other direction: a probable cause determination can be unconstitutional even when made within 48 hours if unreasonably delayed. 500 U.S. at 56-7. The government's theory would allow it to hold a person for two days while it decides whether to charge him at all.

The immediate remedy for an unlawful arrest and a continuing presentment violation is release. While dismissal of a charging instrument for a Rule 5 violation is reserved for "particularly egregious" cases "where no other relief is available," the ongoing detention of two men who were never lawfully arrested and never timely presented is itself the harm the Rule exists to prevent, and it should be ended now. *Dominguez-Caicedo*, 40 F.4th at 951.

**D. Prosecutor's Deception of Defense Counsel Breached Duties of Candor.**

The government's conduct toward counsel independently offends the Rules of Professional Conduct. A prosecutor may not knowingly make a false statement of material fact or law, Cal. R. Prof. Conduct 4.1(a), and may not engage in reckless misrepresentation or conduct "prejudicial to the administration of justice." Cal R. Prof. Conduct 8.4(c)-(d). Conveying to counsel that agents were "waiting for him" to surrender in a manner implying arrest authority that was absent was a material misrepresentation that induced counsel to deliver his client into custody. (Cohen Decl., Ex. B at 5-6.) The prosecution's tactical deception was wrong, and has resulted in violation of the accused's pretrial rights. Withholding presentment for two days only compounds the breach. That the magistrate signed the search warrant and later the Complaint and warrants for arrest on complaint do not cleanse the misconduct.

COHEN WILLIAMS LLP

"[J]udicial approval cannot absolve the government from responsibility for wrongful acts when the government has misled the court in obtaining its sanction." *United States v. Lopez*, 4 F.3d 1455, 1462 (9th Cir. 1993) ("When seeking the authorization of the district court, the prosecutor had an affirmative duty to avoid misleading the court.").

## V. DEFENDANTS REQUEST TWO EVIDENTIARY HEARINGS

The prejudice inquiry relevant to dismissal for flagrant misconduct, including "reckless disregard for the prosecution's constitutional obligations" under the Court's supervisory power requires a showing of substantial prejudice. *United States v. Chapman*, 524 F.3d 1073, 1085 (9th Cir. 2008). A sequence of choices to avoid the arrest-warrant process, to mislead counsel, and to defer presentment is the antithesis of "accidental or merely negligent" conduct that falls short of flagrancy. *Id.* Whether or not there has been misconduct and substantial prejudice warranting relief beyond the threshold of immediate release is a question best resolved in two evidentiary hearings.

*First*, the Court should hold a hearing concerning the government's representations to Magistrate Judge Donahue. The Court should determine what the government told the magistrate on October 12, 2026 about the purpose and intended use of the warrant, whether it disclosed that it planned to take the Youngs into custody, and why it sought no arrest warrant. The Court should likewise inquire what the government told the magistrate on October 13, 2026. These questions go to the heart of whether the magistrate was deprived of the opportunity to exercise meaningful supervision over the government's conduct.

*Second*, the Court should hold a hearing on the presentment delay. The Court should determine why the Youngs were routed to MDC rather than to the courthouse, why no charging document was prepared before arrest, and why the government did not calendar initial appearances on October 13 or 14 and whether this reflected delay for delay's sake or to gather additional evidence to support an arrest and pretrial detention that the law forbids.

COHEN WILLIAMS LLP

## VI. CONCLUSION

The government chose not to seek arrest warrants, and instead used a search warrant, a misrepresentation to counsel, and a two-day detention at MDC of a 71-year old and his son to accomplish the same end without the safeguards the Constitution and the Rules require.

Nathan Young respectfully requests that the Court:

1. Order his immediate release;
2. Set an evidentiary hearing on the government's representations to Magistrate Judge Donahue concerning the intended purpose and use of the October 12, 2026 search warrant and on the government's failure to present the Youngs to a magistrate judge without unnecessary delay.
3. Set a hearing regarding dismissal.

Defendants request such other and further relief as the Court deems just and proper.

Dated: October 15, 2026

Respectfully submitted,

**COHEN WILLIAMS LLP**

By: ______________________

Reuven L. Cohen
Michael V. Schafler
Joseph (Yusuf) Saei
Attorneys for Defendant NATHAN YOUNG

# PROOF OF SERVICE

***United States of America v. Nathan Young, et al.***
**Case No. 2:26-mj-05996-DUTY**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 724 South Spring Street, 9th Floor, Los Angeles, CA 90014.

On October 15, 2026, I served true copies of the following document(s) described as **DEFENDANT NATHAN YOUNG'S NOTICE OF MOTION AND MOTION FOR RELEASE DUE TO FOURTH AMENDMENT AND RULE FIVE VIOLATIONS AND FOR EVIDENTIARY HEARINGS AND HEARING RE DISMISSAL** on the interested parties in this action as follows:

Haoxiaohan Cai
Siobhan Namazi
Erika Suhr
Assistant United States Attorney
United States Attorney's Office
312 N. Spring Street, Suite 1100
Los Angeles, CA 90012
Email: haoxiaohan.cai@usdoj.gov
Email: siobhan.namazi@usdoj.gov
Email: erika.suhr2@usdoj.gov

*Attorneys for Plaintiff*
*United States of America*

Charles Snyder
Kendall Brill Kelly
818 W. 7th Street, Suite 990
Los Angeles, CA 90017
Email: csnyder@kbkfirm.com

*Attorney for Defendant*
*David Young*

**BY EMAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from email address wcarpenter@cohen-williams.com to the persons at the email addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 15, 2026, at San Dimas, California.

Wendy M. Carpenter



COHENWILLIAMS LLP